**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DENNIS COX,

      Plaintiff,

v.                                CASE NO. 4:13cv399-RH/CAS

PRIDE ENTERPRISES et al.,

      Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff Dennis Cox is a prisoner in the Florida Department of Corrections. He is confined in the Calhoun Correctional Institution. He brought this action against Pride Enterprises, the entity that employs prisoners, and a correctional official. The magistrate judge granted Mr. Cox leave to proceed in forma pauperis, screened the complaint as required by 28 U.S.C. § 1915A, concluded that the complaint was deficient, and directed the clerk of court to provide Mr. Cox a copy of the court's standard form for prisoner complaints under 42 U.S.C. § 1983 so that Mr. Cox could file an amended complaint curing the

deficiencies in the original complaint. ECF No. 12. The court's rules require a prisoner to use the standard form.

Mr. Cox submitted a first amended complaint but not on the standard form. ECF No. 14. The amended complaint dropped any claim against Pride but added new defendants; the amended complaint named as defendants a total of nine correctional officials and the Governor of Florida. The magistrate judge entered an order concluding that the first amended complaint should be dismissed because it was not on the standard form and it was deficient in any event. ECF No. 16. The conclusion was correct. The first amended complaint was long on conclusions and rhetoric and short on allegations of fact. The magistrate judge's order granted leave to file a second amended complaint, directed the clerk to send Mr. Cox a copy of the standard form for a complaint so that Mr. Cox could do so, and set a deadline for Mr. Cox to comply.

Mr. Cox responded by filing a "motion on right to revolution" that was filled with profanity and, more importantly, was about as contemptuous as a filing can be. ECF No. 17. A party may assert claims zealously within the bounds of the law and in doing so may assert, even in strong terms, that a court has erred. But a filing with this amount of vitriol has no place in the litigation process. Anyone who doubts this conclusion should read Mr. Cox's filing.

The magistrate judge entered a report and recommendation concluding that the case should be dismissed with no further leave to amend. ECF No. 18. Mr. Cox filed objections. ECF No. 19. While the report and recommendation was under advisement, Mr. Cox submitted a second amended complaint, though still not on the court's standard form. After *de novo* review of the entire case, this order concludes that dismissal is appropriate, with no further leave to amend.

Dismissal is warranted based on Mr. Cox's bad faith as shown by the willful failure to follow the magistrate judge's orders and by the "motion on right to revolution," based on Mr. Cox's continuing failure to use the court's standard form, and based on the failure of the second amended complaint to allege facts plausibly suggesting that Mr. Cox is entitled to relief on any claim.

This court addresses hundreds of prisoner civil-rights claims each year. Many are unfounded or even frivolous, but some are well founded. Having an efficient means for addressing the claims is essential not only for good docket management and so that unfounded or frivolous claims can be dismissed but also so that well founded claims can be sustained and appropriate relief can be provided. The standard complaint form is part of the court's effort to address prisoner claims efficiently—to sort the wheat from the chaff. A prisoner who refuses to comply with the court's rules consumes resources unnecessarily and

interferes with the court's efforts to address these claims correctly and without undue delay.

The Prison Litigation Reform Act requires a court to screen a prisoner's civil-rights action and to dismiss any claim that is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915A. Mr. Cox's conduct of this case to date shows that he is proceeding maliciously. And he has failed, even in the second amended complaint, to state a claim on which relief can be granted.

The second amended complaint is a rambling collection of conclusions that gives little indication of what Mr. Cox is actually complaining about. The second amended complaint apparently alleges that one or more defendants ended Mr. Cox's employment within the correctional institution, searched Mr. Cox's cell, destroyed some of Mr. Cox's legal materials, blocked access to legal resources, and did not arrange Mr. Cox's transfer to a facility closer to his home. Mr. Cox does not allege any prejudice in any actual legal proceeding caused by the alleged destruction of legal materials or the blocking of access to legal resources. None of this adequately alleges a constitutional violation. And even more clearly, the second amended complaint does not adequately allege a basis for recovery against most of the named defendants, including, for example, the Governor.

The second amended complaint asks for only one type of relief: $100,000,000 in damages. But Mr. Cox has not alleged a physical injury and thus is not entitled to damages for mental of emotional injury. 42 U.S.C. § 1997e(e). Nor has Mr. Cox alleged facts that would support a claim for any other category of damages.

In sum, Mr. Cox is proceeding maliciously, has failed to comply with court orders, and has failed to state a claim on which relief can be granted, even in the second amended complaint. For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter judgment stating, "The claims of the plaintiff Dennis Cox against all defendants are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on December 9, 2013.

    s/Robert L. Hinkle
    United States District Judge